Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed initiated act. I rejected three proposed popular name and ballot title submissions for similar measures due to ambiguities in the texts of those measures. See Ops. Att'y Gen. 2000-120, -135 and -138. You have made changes to your measure and submit the following proposed popular name and ballot title for my certification:
 Popular Name TAX ON CERTAIN FOOD ITEMS USED FOR PURPOSE OF SCHOLARSHIPS Ballot Title AN ACT TO PROVIDE FOR THE SEPARATE RECEIPT AND ACCOUNTING OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS DEFINED AS ANY ITEM THAT IS EDIBLE TO INCLUDE DRINKABLE FOOD ITEMS AND NON-PRESCRIPTION VITAMIN SUPPLEMENTS NOT CONTAINING ALCOHOL WITH EXCEPTION TO THOSE EXCLUSIONS HEREIN STATED TO BE IMMEDIATELY DEPOSITED IN THE ARKANSAS SCHOLASTIC TRUST FUND BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION; TO PROVIDE FOR THE CREATION OF THE ARKANSAS SCHOLASTIC TRUST FUND TO BE ADMINISTERED BY THE STATE BOARD OF FINANCE WITH FIFTY PERCENT OF THE INVESTED EARNINGS BEING USED FOR UNIVERSITY AND COLLEGE TUITION PAYMENTS; TO PROVIDE THE STATE BOARD OF FINANCE TO RECEIVE, MANAGE AND INVEST THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS DEFINED AS ANY ITEM THAT IS EDIBLE TO INCLUDE DRINKABLE FOOD ITEMS AND NON-PRESCRIPTION VITAMIN SUPPLEMENTS NOT CONTAINING ALCOHOL WITH EXCEPTION TO THOSE EXCLUSIONS HEREIN STATED TO BE DEPOSITED IN A TRUST ACCOUNT SEPARATE FROM THE STATE TREASURY TO BE KNOWN AS THE "ARKANSAS SCHOLASTIC TRUST FUND"; TO PROVIDE QUALIFICATIONS BASED ON AN INDIVIDUAL'S PERSONAL INCOME AND DEDUCTION OF OTHER EDUCATIONAL GRANTS, SCHOLARSHIPS AND OTHER ASSETS FOR PERSONS TO RECEIVE FULL TUITION PAYMENTS FROM THE ARKANSAS SCHOLASTIC TRUST FUND TO UNIVERSITIES AND COLLEGES WITHIN THE STATE; TO PROVIDE THIS ACT SHALL NOT AFFECT THE "ARKANSAS SOFT DRINK TAX ACT"; TO PROVIDE THIS ACT SHALL NOT AFFECT THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON ITEMS INCLUDED IN THE "ARKANSAS SOFT DRINK TAX ACT"; TO PROVIDE THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON ANY ITEMS HEREAFTER EXCLUDED FROM THE "ARKANSAS SOFT DRINK TAX ACT" SHALL BE DEPOSITED IN THE ARKANSAS SCHOLASTIC TRUST FUND; TO PROVIDE THIS ACT SHALL NOT AFFECT ANY TAX ON ANY PREPARED RESTAURANT FOODS, PREPARED AND SERVED BY A RESTAURANT, OR OTHER BUSINESSES SIMILAR TO RESTAURANTS SERVING PREPARED FOODS AUTHORIZED, AND DEFINED AS A RESTAURANT, OR SIMILAR BUSINESS IN A.C.A. § 26-75-601 THROUGH -618 AND A.C.A. § 26-75-701; TO PROVIDE THIS ACT SHALL NOT AFFECT ANY TAX ON ANY ALCOHOLIC BEVERAGE TO INCLUDE BEER, WINE, LIQUEURS, CHAMPAGNE AND ALL OTHER INTOXICATING BEVERAGES CONTAINING ALCOHOL FROM THIS ACT; TO PROVIDE FOR REPEAL OF LAWS AND PARTS OF LAWS IN CONFLICT WITH THIS ACT, AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed act. See Arkansas Women's Political Caucus v.Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed act that will give the voter a fair understanding of the issues presented.Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v.Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen. 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed initiated act, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must again reject your proposed ballot title and popular name due to an ambiguity in the text of your proposed measure. A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguity. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107 (b).
I refer to the following ambiguity:
 1. Section 2(1) of your proposed act creates a trust fund (the "Arkansas Scholastic Trust Fund") "separate and apart from the State Treasury. . . ." Your proposal states, however, that the investment earnings on this Trust Fund are to be kept as "distinct funds separate and apart from other funds managed under the State Treasury Management Law." Section 1(2)(a) (Emphasis added). Although your proposal does not so state, I assume that it may be your intention to designate the Trust Fund and/or the investment earnings thereon as "cash funds," thus alleviating the constitutional necessity for an appropriation of the funds prior to their disbursement. An ambiguity arises in this regard due to the failure to specifically designate the Trust Fund, or earnings on the Trust Fund, as" cash funds." In addition, Section 1(2)(a), quoted above, appears to characterize the investment earnings as treasury funds, by referring to the "State Treasury Management Law." That law does not apply to "cash funds."
 2. An related ambiguity arises in light of the fact that an existing Arkansas statutory subchapter, A.C.A. § 19-4-801 — to 816, requires the appropriation of most cash funds (unless exempted by A.C.A. § 19-4-803) despite the fact that they need not be appropriated as a constitutional matter. An ambiguity exists as to the interaction of your proposed act with this statutory subchapter. Your proposed act refers to the fact that the principal of the Trust Fund "should not be appropriated
without amendment of this public trust." Section 2 (4)(d) (Emphasis added). There is no mention made, however, of an appropriation by the General Assembly to the State Board of Finance with regard to spending the investment earnings. An ambiguity therefore exists on this point.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed act, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General